IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

TRAVANTI DOMINIQUE SCHMIDT,

       Plaintiff,           ORDER

 v.

                        15-cv-538-wmc

LT. ESSER, and C/O OSWALD,

       Defendants.

   The court granted plaintiff Travanti Dominique Schmidt leave to proceed on an Eighth Amendment claim against defendants Esser and Oswald. After receiving an extension, defendants recently filed a motion for summary judgment on exhaustion grounds. In anticipation of the filing of the motion and in response to the actual filing of the motion, plaintiff has filed two motions for assistance in recruiting pro bono counsel.[1] As described in the motion, plaintiff is illiterate and suffers from mental health issues. Judge Crocker was aware of plaintiff's limitations and directed defendants' counsel to assist Schmidt in receiving assistance from a Green Bay Correctional Institution litigation tutor. (Dkt. ##14, 20.) To date, and as confirmed by Schmidt's more recent filings (dkt. ##18, 19, 21, 26), Schmidt does have access to a litigation tutor and has been able to press his claims.

   The grounds for defendants' recently filed motion for summary judgment are straight-forward: defendants contend that plaintiff's inmate complaints about the use of excessive force at issue in this lawsuit were untimely, and therefore properly denied, and,

---

[1] Schmidt also filed a "deposition motion," which appears to seek clarification on whether defendants intended to file a motion for summary judgment on exhaustion grounds. (Dkt. #19.) Given defendants' filing, this motion appears moot.

as such, plaintiff has failed to exhaust his claims administratively as required under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). (Defs.' Br. (dkt. #24).) With the assistance of a litigation tutor, plaintiff is capable of responding to this straight-forward motion. *See Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007) (explaining that the standard for determining whether recruitment of counsel if required is " whether the difficulty of the case - factually and legally - exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself"). As such, the court will deny plaintiff's motion for assistance in recruiting counsel at this time, but without prejudice to reconsidering if plaintiff's claims survive defendants' pending motion.

Plaintiff's response to defendants' motion for summary judgment is due on December 13, 2017. To ensure that he has ample time to secure the assistance of a litigation tutor, the court will extend that deadline to January 5, 2018. Defendants' reply is now due January 12, 2018.

ORDER

IT IS ORDERED that:

1) Plaintiff Travanti Dominique Schmidt's deposition motion (dkt. #19) is DENIED as moot.

2) Plaintiff's motions for assistance in recruiting counsel (dkt. ##21, 26) are DENIED without prejudice.

Entered this 28th day of November, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge